**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Linda WRIGHT, Defendant–Appellant.**

**No. 88–1277.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 1989.

Decided Dec. 4, 1989.

---

Randy Sue Pollock, San Francisco, Cal., for defendant/appellant.

Sandra Teters, Asst. U.S. Atty., San Francisco, Cal., for plaintiff/appellee.

Before TANG, CANBY and O'SCANNLAIN, Circuit Judges.

CANBY, Circuit Judge:

Linda Wright appeals her sentence under the Sentencing Reform Act of 1984 as amended, 18 U.S.C. §§ 3551–3586. Wright contends that the district court erred in applying criminal history enhancements under sections 4A1.1(d) and (e) of the Sentencing Guidelines promulgated by the United States Sentencing Commission. We affirm.

The facts of this case are not in dispute. On November 3, 1987, appellant Linda Wright escaped from a federally contracted half-way house where she was serving a sentence for armed bank robbery, 18 U.S.C. § 2113(d). She was arrested on February 28, 1988. She pled guilty to the charge of escape, 18 U.S.C. § 751(a), and was sentenced to a term of 33 months to run consecutively to her robbery term.

Wright's sentence was calculated as follows: The base offense level set by the guidelines for the violation of section 751(a) was 13. Two points were subtracted from this base because her guilty plea constituted an acceptance of responsibility. Pursuant to section 4A1.1(a) of the guidelines, Wright received ten additional Criminal History points based on past incarcerations. Wright objects to three further Criminal History points scored pursuant to sections 4A1.1(d) and (e) of the guidelines. Section 4A1.1(d) provides:

> Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release or escape status.

Section 4A1.1(e) provides:

> Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b). If 2 points are added for item (d), add only 1 point for this item.

Wright objected to the inclusion of these points prior to the sentencing. The district judge ruled that they were to be included. On the basis of Wright's score, the guidelines called for 27–33 months. The district judge sentenced Wright to 33 months. Without the three additional points Wright's guideline sentence would have been 24–30 months.

*Issues*

Wright brought a timely appeal and raises three arguments: (1) she was sentenced under an unconstitutional sentencing system as determined by this court in *Gubiensio–Ortiz v. Kanahele,* 857 F.2d 1245 (9th Cir.1988), *vacated, United States v. Chavez–Sanchez,* —— U.S. ——, 109 S.Ct. 859, 102 L.Ed.2d 984 (1989); (2) the Sentencing Commission did not intend that sections 4A1.1(d) and (e) were to apply to the offense of escape; and (3) even if the Commission did so intend, the application of these provisions violates the Fifth Amendment's prohibition against double jeopardy.

Courts of appeal must review sentences under the guidelines with "due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e). This case presents no disputed issues of fact, but focuses exclusively on the proper interpretation of the guidelines and the constitu-

tionality of the sentence. These questions are matters of law which we review de novo. *United States v. Whitney,* 785 F.2d 824, 825 (9th Cir.1986), *amended,* 838 F.2d 404 (9th Cir.1988) (en banc).

Wright's first contention has been refuted by the Supreme Court's recent opinion in *Mistretta v. United States,* —— U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), upholding the constitutionality of the Sentencing Guidelines. The judgment in *Gubiensio–Ortiz* has been vacated. *See United States v. Chavez–Sanchez,* —— U.S. ——, 109 S.Ct. 859, 102 L.Ed.2d 984 (1989), *on remand Gubiensio–Ortiz v. Kanahele,* 871 F.2d 104 (9th Cir.1989).

*Application of Sections 4A1.1(d) and (e)*

■ Wright contends that the application of these provisions to the offense of escape results in an unintended duplication of punishment. She argues, first, that section 4A1.1(d) cannot be meant to apply to the crime of escape, because every escape is from custody and that factor is figured into the base points for the offense. It ought not to be enhanced as a crime committed while under sentence, according to Wright.

**The difficulty with Wright's argument, as the Third Circuit has pointed out, is that not every person who escapes need be serving a sentence; one may escape from pretrial custody.** *See United States v. Ofchinick,* 877 F.2d 251, 255–56 (3rd Cir.1989); *accord United States v. Goldbaum,* 879 F.2d 811, 814 (10th Cir.1989). It is not irrational or unlikely that the Sentencing Commission determined that when an escape is from confinement imposed by sentence, it should be punished more heavily than escape from some form of pretrial custody. The district court accordingly did not err in applying the plain words of section 4A1.1(d) to enhance the escape sentence.[1]

■ Wright makes a similar argument regarding section 4A1.1(e), which adds 2 points for a crime committed less than two years after release from imprisonment (but only 1 point if 2 were added under subsection (d)). Wright does not argue that her escape could not have been committed "after release," presumably because application note 5 to guideline 4A1.1 clearly states that section 4A1.1(e) "applies if the defendant committed the instant offense while still in confinement on such a sentence." *See Ofchinick,* 877 F.2d at 256. Instead, Wright contends that an escape will always occur within two years of the imprisonment from which the escape is made. Again, Wright's argument overlooks the fact that, for points to be added under section 4A1.-1(e), the crime must be committed within two years "after release from imprisonment *on a sentence.*" (emphasis added.) It will not apply to escapes from pretrial detention, and it is quite rational for the Commission to differentiate between the two classes of escapees.

As the sentencing judge correctly noted, these problems were not unanticipated by the Commission. On May 5, 1988, the Commission issued a publication entitled "Questions Most Frequently Asked about the Sentencing Guidelines." Question 22 asked:

> In a case involving escape from prison (or work release) as the instant offense, does the defendant receive two criminal history points for § 4A1.1(d) and one more for § 4A1.1(e)?

The Commission's answer was "yes."

It is true, as Wright points out, that this informal statement of the Commission is not binding on this court. Nevertheless, it inclines us against Wright's view that the Commission actually intended sections 4A1.1(d) and (e) not to be applied as written to the offense of escape. We also reject Wright's contention that the failure of the Commission to incorporate the above question and answer in its revised "Federal Sentencing Guidelines Manual" of August 1988 indicates that the Commission has

---

1. In agreeing with the analysis of *Ofchinick,* we necessarily reject the conclusions of two district courts that have found it impermissible to add points under section 4A1.1(d) when the offense is escape. *See United States v. Bell,* 716 F.Supp. 1207, 1209–12 (D.Minn.1989); *United States v. Clark,* 711 F.Supp. 736, 737 (S.D.N.Y.1989).

changed its mind. The Manual, before and after revision, did not include the quoted question and answer; it is a different publication. Nothing in the Manual suggests that the Commission intends a result different from the one we reach.

*Double Jeopardy*

Finally, Wright argues that it violates the double jeopardy clause of the Fifth Amendment to punish her for escape from custody and to add to her sentence because the crime was committed while serving a sentence. Wright is only being punished for one crime, however, with the sentence understandably affected by her criminal history. Our conclusion that the district court properly construed the intended effect of the guidelines is fatal to Wright's double jeopardy claim. "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983).

*Conclusion*

The judgment of the district court is affirmed.