**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Patrick BIGELOW,
Defendant–Appellant.**

No. 89–2305.

United States Court of Appeals,
Fifth Circuit.

March 12, 1990.

Roland E. Dahlin, II, Federal Public Defender, Marjorie A. Meyers, Asst. Federal Public Defender, Houston, Tex., for defendant-appellant.

Paula C. Offenhauser, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before BROWN, WILLIAMS, and JONES, Circuit Judges:

EDITH H. JONES, Circuit Judge:

Patrick Bigelow, appellant, challenges the district court's sentence calculation under the Guidelines on the theory that the "double-counting" of his status as a convicted felon in an escape case violates the double jeopardy clause of the Constitution. For the following reasons, we affirm.

## I.

### FACTS

On September 16, 1985, Bigelow was sentenced to serve five years in the custody of the Attorney General at a rehabilitation center, the New Directions Incorporate in Houston, for conspiracy to possess stolen United States mail. *See* 18 U.S.C. § 371. Bigelow failed to return to the rehabilitation facility on August 30, 1988, after checking out for work, but he was apprehended by federal marshals three days later following a vehicle chase.

Bigelow pleaded guilty to one count of violating 18 U.S.C. § 751(a), escape from the custody of the Attorney General. On February 24, 1989, the district court imposed a sentence of thirty (30) months imprisonment, three years supervised release, and a special assessment of fifty dollars ($50.00). In calculating Bigelow's criminal history score under the Guidelines, the district court overruled Bigelow's objections to the presentencing report that added three additional points for committing the offense while under a criminal justice sentence and for committing the offense less than two years after release from incarceration.

## II.

## DOUBLE JEOPARDY

Bigelow argues that the district court erred in its upward adjustment of his criminal history computation for committing the offense of escape "while under any criminal justice sentence," Guideline § 4A1.1(d), and for committing the offense of escape "less than two years after release from imprisonment," Guideline § 4A1.1(e).[1] Bigelow asserts that adding three points gives double effect to his custodial and conviction status, which are elements of the escape offense, and constitutes multiple punishment for the offense contrary to the double jeopardy clause of the fifth amendment to the Constitution. Our court and others have recently decided cases under the Sentencing Guidelines that foreclose Bigelow's argument.

The Supreme Court has stated that the double jeopardy clause provides protection from "multiple punishments for the same offense." *See Albernaz v. United States,* 450 U.S. 333, 343–44, 101 S.Ct. 1137, 1145, 67 L.Ed.2d 275 (1981) (citing *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969)). The Court has also defined the nature of double jeopardy protection by stating: "[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter,* 459 U.S. 359, 365–66, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983). As the Court put it in *Albernaz:*

> Thus the question of what punishments are constitutionally permissible is not different from the question of what punish-

ments the Legislative Branch intended to be imposed. Where Congress intended, as it did here, to impose multiple punishments, imposition of such sentences does not violate the Constitution."

450 U.S. at 344, 101 S.Ct. at 1145 (footnote omitted).

The Ninth Circuit has rejected the same argument asserted by Bigelow, holding that enhancing a sentence for the offense of escape because the escape was committed while under a criminal justice sentence does not violate the double jeopardy clause. *United States v. Wright,* 891 F.2d 209, 212 (9th Cir.1989) (quoting *Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983)). The Ninth Circuit reasoned that the double jeopardy argument could not surmount its conclusion that the district court's enhancement of sentence under §§ 4A1.1(d) and (e) was a proper construction of the "intended effect of the guidelines." *Id.* at 212.

Our court, in *United States v. Vickers,* 891 F.2d 86, 88 (5th Cir.1989), has already rejected the contention that the Guidelines did not intend to give effect to a defendant's custody status in enhancing a sentence for the offense of escape. In that case, Vickers argued that the base offense level for escape considered the defendant's custody and that "the enhancement of the base offense level because the defendant was in custody amounts to a 'double whammy.' " *Id.* at 87. The court concluded, however, that the Sentencing Commission intended for the enhancement provisions of Chapter Four to apply to escape offenses and could enhance the "base offense level for a conviction pursuant to 18 U.S.C. § 751(a) [escape]". *Id.; see also United States v. Wright,* 891 F.2d 209, 211 (9th

---

1. The application notes to §§ 4A1.1(d) and (e) provide as follows:

    4. *§ 4A1.1(d).* Two points are added if the defendant committed any part of the instant offense (i.e., any relevant conduct) while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

    5. *§ 4A1.1(e).* Two points are added if the defendant committed any part of the instant offense (i.e., any relevant conduct) less than

two years following release from confinement on a sentence counted under § 4A1.1(a) or (b). This also applies if the defendant committed the instant offense while still in confinement on such a sentence. However, if two points are added under § 4A1.1(d), only one point is added under § 4A1.1(e).

The 1989 Amendments to § 4A1.1(e), which do not apply to Bigelow's sentence, clarify the pre-Amendment version and do not affect our analysis.

Cir.1989) (Commission intended for Chapter Four enhancement provisions to apply to escape from federally contracted half-way house).

Similarly, other courts have concluded that in drafting the Guidelines, the Sentencing Commission apparently intended to punish escape from confinement under sentence more heavily than escape from some form of pretrial custody.[2] Because the Chapter Four enhancement provisions, which consider a defendant's criminal history, were intended to apply to the base offense level for unlawful escape, and the trial court's sentence does not exceed the statutory maximum punishment authorized by the legislature, we must reject Bigelow's claim of a double jeopardy violation.

The judgment of the district court is AFFIRMED.

---

**2.** *See United States v. Goldbaum,* 879 F.2d 811, 814 (10th Cir.1989) (Commission "may well have intended to differentiate the sentences for the various § 2P1.1 offenses by using the criminal history category in chapter 4"); *United States v. Ofchinick,* 877 F.2d 251, 256 (3rd Cir. 1989) (persuasive discussion of the intent of §§ 4A1.1(d) and (e).