35 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Scott Wayne JONES, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Scott Wayne JONES, Defendant-Appellant.
 Nos. 93-10401, 93-10532.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 9, 1994.*
Decided Aug. 30, 1994.
 
 Before: FLETCHER, HALL, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Scott Wayne Jones appeals the sentence given him after he pleaded guilty to three counts of bank robbery (counts no. 5, 6, and 7 of his indictment) committed in 1992, while Jones was on supervised release (Appeal No. 93-10401). He also challenges the punishment he received when his supervised release was revoked (Appeal No. 93-10532). Jones contends in 93-10401 that the district court erred by (1) adding 2 levels to the base offense level because Jones made express threats of death during the robberies, and (2) counting more than one time, in violation of double jeopardy, the fact that Jones committed the 1992 bank robberies within two years of release from imprisonment. In 93-10532, Jones contends that his imprisonment for failure to comply with supervised release conditions violates double jeopardy. We affirm.
 
 DISCUSSION
 1. Death Threats
 
 3
 Jones's presentence report stated, in describing each of the counts to which Jones pleaded guilty, that Jones entered a bank and presented a teller with a note. Regarding the robbery charged in count 5, the presentence report stated that the note said, "Put 5s, 10s, 20s in this envelope or I will blow your head off." In count 6, the noted stated, roughly, "Don't scream. Don't say anything or I'll blow your head off. 10s, 20s, 5s." In count 7, the note stated, "Give me your 100s, 50s, 20s. I'll blow your head away if you scream." The district court concluded that Jones had made express threats of death, and adjusted his base offense level as a result, see U.S.S.G. Sec. 2B3.1(b)(2)(F).[1]
 
 
 4
 Jones contends that the statements in the presentence report are not supported by any evidence. See United States v. Burns, 894 F.2d 334, 337 (9th Cir.1990) (indicating that evidence supporting sentencing facts must have "sufficient indicia of reliability to support its probable accuracy") (internal quotations omitted). Jones's counsel alleged, in an objection to the presentence report, that Jones made no such death threats. Notwithstanding that assertion, Jones and his counsel conceded at sentencing that the presentence report was based on FBI reports that stated that the threats were made. Sentencing Transcript (ST) 7, 10. Jones notes, however, that questionnaires completed by the victim bank tellers did not mention threats.
 
 
 5
 In rebuttal, the government contends that Jones's primary complaint is that the district court did not conduct a more detailed factual inquiry. The government argues that the district court committed no error. A district court's decision to sentence without an evidentiary hearing is reviewed for abuse of discretion. United States v. Baker, 894 F.2d 1083, 1084-85 (9th Cir.1990). Moreover, this court has
 
 
 6
 held that it is not an abuse of discretion to sentence a defendant without an evidentiary hearing if the trial court gives the defendant an opportunity to rebut allegations in the presentence report by allowing [the] defendant and his counsel to comment on the report or to submit affidavits or other documents....
 
 
 7
 Id. (internal quotations omitted); United States v. Petitto, 767 F.2d 607, 611 (9th Cir.1985), overruled in part on other grounds by United States v. Fernandez-Angulo, 897 F.2d 1514, 1517 n. 5 (9th Cir.1990) (en banc). In Baker, Baker challenged factual allegations in the presentence report. The court received Baker's written objections and heard his and his counsel's arguments at the sentencing hearing. This court found that Baker was given "ample opportunity" to present his own view of the facts. 894 F.2d at 1085. Because an evidentiary hearing "would have served no purpose," id., the failure to conduct further inquiry was not an abuse of discretion. The government contends Jones was given the same opportunity as Baker. His counsel presented written objections to the presentence report, and both he and his counsel spoke at the sentencing hearing.
 
 
 8
 We will not disturb the district court's findings. Though the FBI reports are not part of the record, Jones and his counsel conceded, and the district court found, ST 11, that those reports state that the death threats were made as stated in the presentence report. Moreover, the record contains a statement of probable cause in which an FBI agent swears that Jones made the express threat of death alleged in the presentence report's description of Count 7. CR 1. Evidence of the threat in Count 7 is sufficient to support the increase in offense level. Further, the district court did not err in failing to hold an evidentiary hearing, for reasons noted by the government.
 
 2. Criminal History
 
 9
 Jones was arrested for bank robbery in 1988 and later convicted and sentenced to a maximum of 30 months imprisonment and five years of supervised release. Jones was released from prison and began serving his term of supervised release less than two years prior to committing the 1992 bank robberies at issue in this appeal. Jones was also sentenced on February 22, 1991, in Arizona state court, for various felonies. At the time he committed the 1992 bank robberies, Jones was on state probation for the 1991 convictions. Because Jones committed the 1992 robberies while on probation and supervised release, the district court added two points in determining Jones's criminal history category. See U.S.S.G. Sec. 4A1.1(d). Because Jones committed the 1992 robberies less than two years after he was released from confinement (but while he was on supervised release so as to warrant a two-point increase under section 4A1.1(d)), the district court added one point in determining Jones's criminal history category. See id. Sec. 4A1.1(e).
 
 
 10
 Jones contends that application of sections 4A1.1(d) and 4A1.1(e) violates double jeopardy because it punishes him twice for one act--committing a crime within two years of release from imprisonment. Jones concedes that this court rejected a similar argument in United States v. Wright, 891 F.2d 209 (9th Cir.1989). Wright escaped from prison and was convicted and sentenced therefor. Both sections 4A1.1(d) and 4A1.1(e) were applied to compute her criminal history. She argued that applying both sections violated double jeopardy. This court rejected that argument: "Wright is only being punished for one crime, [escape,] ... with the sentence understandably affected by her criminal history. Our conclusion that the district court properly construed the intended effect of the guidelines is fatal to Wright's double jeopardy claim." 891 F.2d at 212. Jones does not dispute the similarity between his argument and Wright's but claims (without explanation) that Wright has been effectively overruled by Grady v. Corbin, 495 U.S. 508 (1990).
 
 
 11
 We reject Jones's arguments. Wright controls. As the government notes, Grady was overruled by United States v. Dixon, 113 S.Ct. 2849, 2859-64 (1993). Thus, Grady lacks authority to undermine Wright. Moreover, nothing in Grady touches upon the issue or holding of Wright. Grady addressed only what test should be applied in a determination of whether two crimes were similar enough that prosecution for one would bar prosecution for the other.[2] Wright, on the other hand, addressed whether application of criminal history points constituted punishment for past crimes or punishment for the crime for which the defendant was being sentenced. Wright concluded that application of criminal history points constituted punishment for the present crime rather than the past crime. Grady was, even during its short lifespan, entirely inapposite to Wright. Thus, Wright still stands. Jones was not subjected to double jeopardy.
 
 
 12
 3. Criminal History and Supervised Release Violation
 
 
 13
 After Jones was sentenced for the 1992 robberies, his supervised release was revoked. The 1992 robberies violated the conditions of Jones's supervised release. For violating the conditions of his supervised release, Jones was ordered to serve 18 months imprisonment, consecutively to his sentence for the 1992 robberies, pursuant to U.S.S.G. Sec. 7B1.3(f),[3].
 
 
 14
 Jones contends that the district court, in imposing the 18-month sentence, violated Jones's double jeopardy rights because punishment had already been imposed on Jones, under sections 4A1.1(d) and 4A1.1(e), for violating his supervised release. In support, Jones cites United States v. Koonce, 945 F.2d 1145 (10th Cir.1991), cert. denied, 112 S.Ct. 1695, and cert. denied, 112 S.Ct. 1705 (1992), and United States v. McCormick, 798 F.Supp. 203 (D.Vt.1992), aff'd, 992 F.2d 437 (2d Cir.1993).
 
 
 15
 In both Koonce and McCormick, a defendant had committed criminal conduct in two states as part of the same scheme (conduct X in state A and conduct Y in state B) and was subjected to prosecution in federal court in each state. The first federal court to convict, in state A, sentenced the defendant for X but considered Y as relevant conduct and enhanced the defendant's sentence accordingly. Later, when the district court in state B convicted each defendant of Y, the court in state B held that double jeopardy precluded imposition of punishment for Y because the defendant had already been punished for Y in state A. Koonce, 945 F.2d at 1147-54; McCormick, 798 F.Supp. at 205-10.
 
 
 16
 We reject Jones's arguments. Koonce and McCormick are inapposite. Jones's case involves criminal history enhancement and revocation of supervised release, not relevant conduct enhancement and second prosecution and punishment. For this reason, United States v. Clark, 984 F.2d 319 (9th Cir.1993), and Wright, 891 F.2d at 209, are dispositive. In Clark, Clark received a sentence following revocation of his probation. Clark also received a separate sentence following revocation of his supervised release. "Both revocations were based on a single violation." 984 F.2d at 320. This court held that Clark's sentences did not implicate double jeopardy. The court explained:
 
 
 17
 In his district court cases, Clark had been previously convicted and sentenced for two separate offenses: theft and aiding and abetting [in the case leading to supervised release], and escape in [the case leading to probation]. Accordingly, when he violated the terms of his supervised release and probation, respectively, he subjected himself to deferred punishment for those two crimes. He was not directly prosecuted for the violation at all. Although the violating act underlying revocation was the same in both cases, the punishment was for the conduct underlying the original convictions. This does not implicate double jeopardy.
 
 
 18
 Id. at 321; see United States v. Redd, 759 F.2d 699, 701 (9th Cir.1985) ("The same actions by a probationer can lead to direct punishment and can also constitute the basis on which his probation for a prior offense is revoked."); Bible v. Arizona, 449 F.2d 111, 112 (9th Cir.1971) (same), cert. denied, 405 U.S. 994 (1972). Under Clark, revocation of Jones's supervised release and the resulting sentence of imprisonment are deferred punishment for Jones's 1988 bank robberies, not punishment for Jones's 1992 bank robberies. Moreover, as noted above, the criminal history points Jones received at sentencing for the 1992 bank robberies are, under Wright, punishment for the 1992 bank robberies. Thus, under Clark and Wright, Jones has not been doubly punished for any crime.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 2B3.1(b)(2)(F) provides, "[I]f an express threat of death was made, increase by 2 levels."
 
 
 [2]
 Grady held that "the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." 495 U.S. at 521
 
 
 [3]
 Section 7B1.3(f) provides,
 Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.