47 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alberto ACEVEDO-GARCIA, Defendant-Appellant.
 No. 94-10165.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1995.*
Decided Feb. 21, 1995.
 
 1
 Before: TANG and O'SCANNLAIN, Circuit Judges; MERHIGE,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 * Acevedo-Garcia was convicted of illegal re-entry after deportation subsequent to an aggravated felony conviction, in violation of 8 U.S.C. Sec. 1326. In determining Acevedo-Garcia's sentence, the district court, pursuant to Sec. 2L1.2(b)(2) of the 1993 United States Sentencing Commission Guidelines Manual ("Guidelines"), increased Acevedo-Garcia's offense level to 21 by a sixteen level adjustment because he had previously been deported after a conviction for possession for sale of a narcotic substance. With respect to his criminal history category, the district court added three guideline points based on the same prior conviction, pursuant to section 4A1.1(a), which raised his history category from III to IV.
 
 II
 
 4
 Acevedo-Garcia asserts that the Sentencing Guidelines violate the Equal Protection and Double Jeopardy Clauses. Acevedo-Garcia maintains that because his offense level was increased by sixteen points due to his prior conviction, he should not have, in addition, received an increase in his criminal history category as well. Acevedo-Garcia, however, woefully fails to support, or even explain, the nature of his claims. We have carefully reviewed his allegations and are satisfied that both adjustments were proper under the Guidelines.
 
 
 5
 With respect to Acevedo-Garcia's Double Jeopardy Claim, we find it dispositive that a sentence enhancement clearly intended by the Guidelines that does not bring the sentence above the statutory maximum does not violate the Double Jeopardy Clause, even though the enhancement is based on conduct that was an element of the crime of conviction. The Double Jeopardy Clause, when applied to a single conviction and sentence, " 'does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.' " United States v. Wright, 891 F.2d 209, 212 (9th Cir.1989) (quoting Missouri v. Hunter, 459 U.S. 359, 366 (1983)). This holding forecloses Acevedo-Garcia's Double Jeopardy claim because Acevedo-Garcia, like the defendant in Wright, "is only being punished for one crime ... with the sentence understandably affected by [his] criminal history." 841 F.2d at 212.
 
 III
 
 6
 Acevedo-Garcia's Equal Protection argument, although not adequately developed, is a challenge to the sixteen point increase to the base offense level, imposed because he was previously deported after conviction for an aggravated felony. Because the point increase is not imposed on a suspect class, we need consider only whether the point increase has a rational basis. United States v. Harding, 971 F.2d 410, 412 (9th Cir.1992), cert. denied, 113 S.Ct. (1993). A rational basis exists. The increased penalty could be designed to deter people convicted of aggravated felonies from reentering the United States. Therefore the penalty increase does not violate the Equal Protection Clause.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 The Honorable Robert R. Merhige, Jr., United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3