IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60778
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MALCOLM HARTZOG,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:95-CR-3-PS
- - - - - - - - - -
June 27, 1996
Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Malcolm Hartzog appeals his guilty-plea conviction for distribution of cocaine. He argues that the district court erred in increasing his base offense level by two points under U.S.S.G. § 3B1.1(c) for his role in the offense, and his rights under the Double Jeopardy Clause were violated in the computation of his criminal history category under § 4A1.1 and the civil forfeiture

---

[1] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

proceeding.  We review these issues under the plain error standard because Hartzog raises these grounds for the first time on appeal. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), cert. denied, 115 S. Ct. 1266 (1995).

Hartzog has not demonstrated any error, plain or otherwise. Hartzog has not carried his burden of showing that the district court considered unreliable information in imposing sentence. Further, he did not object, but agreed to the Government's stipulation that a two-level increase for his role in the offense was appropriate.  United States v. Angulo, 927 F.2d 202, 2105 (5th Cir. 1991); United States v. Branch, 46 F.3d 440, 442 (5th Cir. 1995).

Hartzog has not shown an error in the computation of his criminal history category.  The sentencing court did not impose greater punishment under the guidelines than Congress intended. See United States v. Bigelow, 897 F.2d 160, 161 (5th Cir. 1990) (citing inter alia Albernaz v. United States, 450 U.S. 333, 343-44 (1981)).  Moreover, Hartzog has not provided any portion of the record of the forfeiture proceeding to support a review of his double jeopardy argument.  See United States v. Gonzalez, 76 F.3d 1339, 1342 (5th Cir. 1996); Fed. R. App. P. 10(b)(2), 11(a).

AFFIRMED.