**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50350 |
| Plaintiff - Appellee, | D.C. No. 3:08-CR-03747-JAH |
| v. | |
| JOSE GUADALUPE ESTRADA-DELGADO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted April 5, 2010[**]

Before:    RYMER, McKEOWN, and PAEZ, Circuit Judges.

Jose Guadalupe Estrada-Delgado appeals from the 15-month sentence

imposed following his guilty-plea conviction for making and possessing false entry

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

NC/Research

documents, in violation of 18 U.S.C. § 1546(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Estrada-Delgado contends that the district court sentenced him based on clearly erroneous factual findings that: (1) the offense involved "solicitation;" and (2) his criminal history included an offense involving the sale of drugs. He further contends that the district court's reliance upon the latter violates his Sixth Amendment and Due Process rights. The record reflects that the district court did not rely upon clearly erroneous facts. Accordingly, these contentions fail.

Estrada-Delgado also contends that the district court's consideration of his criminal history at sentencing violates the Sixth Amendment's Double Jeopardy Clause. This contention fails because, even though Estrada-Delgado's sentence is affected by his criminal history, he is only being punished for one crime. *See United States v. Wright*, 891 F.2d 209, 212 (9th Cir. 1989).

Finally, Estrada-Delgado contends that the district court erroneously believed that extraordinary circumstances were required in order for it to vary below the Guidelines range, and that the sentence is substantively unreasonable. The record reflects that the district court properly considered the Guidelines range as a baseline, and then "tailor[ed] a sentence to the individualized offense and offender characteristics of [Estrada-Delgado's] case in consideration of the

§ 3553(a) factors." *See United States v. Carty*, 520 F.3d 984, 994 (9th Cir. 2008) (en banc). Moreover, in light of all of the circumstances in the case, the sentence imposed is substantively reasonable. *See id*. at 995-96.

**AFFIRMED.**