UNITED STATES of America, Plaintiff–Appellant,

v.

Christopher WILLIAMS, Defendant–Appellee.

No. 91–5399.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 30, 1991.

Decided Jan. 14, 1992.

adjustment prescribed by the United States Sentencing Guidelines for the defendant's use of a dangerous weapon. U.S.S.G. § 2A2.2(b)(2)(B). The district court believed the adjustment constituted impermissible "double counting" since the Guidelines define the base offense of aggravated assault to include assault with a dangerous weapon. We believe, however, that the district court's view is not consistent with the language or the structure of the Guidelines and effectively nullifies the upward adjustments in the aggravated assault provision. Accordingly, we vacate the sentence imposed by the district court and remand with directions to apply the four-level adjustment.

## I.

On August 12, 1990, Christopher Williams assaulted a fellow inmate at the Lorton Reformatory. On November 16, 1990, Williams pleaded guilty to assault with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. § 113(c) and 18 U.S.C. § 2. The plea agreement stipulated that Williams struck a fellow inmate over the head with a metal chair.

The presentence report submitted to the district court calculated Williams' offense level pursuant to § 2A2.2 of the Sentencing Guidelines, which covers various aggravated assault offenses. The report calculated Williams' total offense level at 19. First, the report noted that § 2A2.2 sets the base offense level for aggravated assault at 15. Second, it made a four-level upward adjustment for use of a dangerous weapon (the chair), pursuant to U.S.S.G. § 2A2.2(b)(2)(B), and a two-level upward adjustment for inflicting bodily injury on the victim, pursuant to U.S.S.G. § 2A2.2(b)(3)(A). Finally, the report recommended a two-level downward adjustment for Williams' acceptance of responsibility.

Williams objected to the four-level upward adjustment for use of a dangerous weapon. In his view, that adjustment amounted to impermissible double counting because the use of a dangerous weapon

Cynthia Ann Young, Sp. Asst. U.S. Atty., argued (Henry E. Hudson, U.S. Atty. and William G. Otis, Sr. Litigation Counsel, on brief), Alexandria, Va., for plaintiff-appellant.

David William O'Brien, Bonner & O'Connell, Washington, D.C., argued, for defendant-appellee.

Before MURNAGHAN and WILKINSON, Circuit Judges, and YOUNG, Senior District Judge for the District of Maryland, sitting by designation.

## OPINION

WILKINSON, Circuit Judge:

In this case a defendant pleaded guilty to aggravated assault and the district court refused to impose the four-level upward

had already been taken into account by the Sentencing Commission in setting the base offense level for aggravated assault. Because the Guidelines define aggravated assault to include assault "that involved . . . a dangerous weapon with intent to do bodily harm," U.S.S.G. § 2A2.2, comment (n.1), Williams argued that the upward adjustment for use of a dangerous weapon was redundant and constituted double punishment for the use of the metal chair.

The district court agreed, and held that it would be unfair to impose the upward adjustment for use of a dangerous weapon. The court did impose the two-level upward adjustment for bodily injury to the victim, and also granted the two-level downward adjustment for acceptance of responsibility, thus arriving at a total offense level of 15. After assessing Williams' criminal history category at III, the district court sentenced Williams to 30 months' imprisonment, the maximum penalty within the applicable range.

The government appeals, arguing that the Guidelines plainly require a four-level upward adjustment for use of a dangerous weapon.

## II.

■ The district court refused to impose the Guidelines' upward adjustment for use of a dangerous weapon because of what it perceived as impermissible "double counting." We reject the court's conclusion that the adjustment is improper, and hold that the Guideline must be applied as written.

## A.

Section 2A2.2 of the Sentencing Guidelines provides the framework for calculating the offense level for various aggravated assault offenses. This provision sets a base level of 15 for any offense qualifying as an "aggravated assault," which is defined to include any "felonious assault that involved (a) a dangerous weapon with intent to do bodily harm (i.e., not merely to frighten), or (b) serious bodily injury, or (c) an intent to commit another felony." U.S.S.G. § 2A2.2, comment (n.1). In addition to setting the base level, § 2A2.2 es-

tablishes a graduated adjustment schedule that is triggered by a number of aggravating factors. U.S.S.G. § 2A2.2. For example, the Guideline instructs the sentencing court to increase the base level by 5 "[i]f a firearm was discharged," by 4 "if a dangerous weapon (including a firearm) was otherwise used," and by 3 "if a dangerous weapon (including a firearm) was brandished or its use was threatened." U.S.S.G. § 2A2.2(b)(2). Williams concedes that the metal chair he used qualifies as a dangerous weapon. The only issue in this case, therefore, is whether there is some reason to deviate from the Guideline language requiring a four-level upward adjustment for the use of that chair.

It is true that, in one sense, the metal chair counted twice in the calculation of Williams' offense level. The Guideline first sets the base level for aggravated assault, which includes assault with a dangerous weapon, at 15. U.S.S.G. § 2A2.2(a), comment (n.1). The Guideline then instructs the sentencing court to increase the base level by 4 if that same dangerous weapon is used. U.S.S.G. § 2A2.2(b)(2). Williams contends this scheme makes no sense. He asserts that the upward adjustment will always apply, and argues that the Sentencing Commission would have started with a base level of 19 if it had intended this result. He invites us to correct the Commission's oversight by declining to apply the adjustment for use of a dangerous weapon in his case.

We think, however, that the dangerous weapon adjustment rationally reflects the Guideline's graduated adjustment scheme, and we refuse to sanction its repeal. We also reject Williams' assertion that the crime of assault with a dangerous weapon with intent to do bodily injury will always result in a four-level upward adjustment to the base level of 15. The base level set by § 2A2.2 applies to this assault offense because it "involved" a dangerous weapon, but the four-level adjustment would apply only if the defendant "used" the dangerous weapon. Thus, a defendant could be guilty of assault with a dangerous weapon without ever using the weapon—the defendant

may threaten and intend to use the weapon but never have the opportunity to do so. In that case, the defendant would receive a three-level adjustment for threatening to use a dangerous weapon, rather than the four-level adjustment that would apply if he actually used it or the five-level adjustment that would apply if he discharged a firearm. *See* U.S.S.G. § 2A2.2(b)(2).

The district court's interpretation of § 2A2.2 would effectively eviscerate this incremental adjustment schedule, thus undermining the Guidelines' fundamental goal of proportionality in sentencing. Under the district court's reasoning, each of the upward adjustments would be condemned as double counting—the involvement of a dangerous weapon is an element of the base offense, and the weapon's involvement figures in each of the adjustments. Whether a firearm was discharged, a dangerous weapon was otherwise used, or the weapon was simply brandished or its use threatened, the district court's approach would forbid any upward adjustment from the base level of fifteen.

The district court's approach would do similar violence to other aspects of the Guideline's adjustment scheme for aggravated assaults. The Guideline establishes a second adjustment schedule based on the degree of bodily injury to the victim, adding two levels if the victim suffers "bodily injury," four levels if the victim suffers "serious bodily injury," and six levels if the victim suffers "permanent or lifethreatening bodily injury." U.S.S.G. § 2A2.2(b)(3). But these adjustments also duplicate an element of the base offense, which is defined to include an assault "that involved … serious bodily injury." Thus, the logic of the district court's approach would forbid application of these adjustments as well. We cannot, however, deprive the Sentencing Commission of its authority to assign incrementally higher sentences based on important factors such as the degree of the weapon's involvement and the degree of the victim's injury.

### B.

■ Refusing to apply the adjustment to Williams' assault would impair the struc-

ture of the Guidelines in yet another way. An adjustment that clearly applies to the conduct of an offense must be imposed unless the Guidelines expressly exclude its applicability. U.S.S.G. § 1B1.1(b). This court has previously held that the Guidelines are explicit when double counting is forbidden. *See United States v. Curtis,* 934 F.2d 553, 556 (4th Cir.1991).

Numerous provisions of the Guidelines include explicit exceptions to the applicability of sentencing enhancements that duplicate factors already affecting the offense level. Section 2X3.1, for example, sets the base level for an offender who participates only as an accessory after the fact, and the application notes to that provision provide that "[t]he adjustment from § 3B1.2 (Mitigating Role) normally would not apply because an adjustment for reduced culpability is incorporated in the base offense level." U.S.S.G. § 2X3.1, comment (n.2). Section 2C1.1, which sets the base level for the crime of extortion under color of official right, includes a similar exception. The application notes to that section instruct the sentencing court not to apply the § 3B1.3 adjustment for abuse of a position of trust, presumably because the base level for extortion under color of official right necessarily contemplates such an abuse. U.S.S.G. § 2C1.1, comment (n.3). *See also* U.S.S.G. § 3A1.1, comment (n.2); § 3A1.2, comment (n.3); § 3A1.3, comment (n.2) (all expressly forbidding the sentencing court from applying the adjustment if the offense provision specifically incorporates that factor).

Williams contends that these exceptions demonstrate the Sentencing Commission's aversion to double counting and argue in favor of denying the upward adjustment in this case. We think, to the contrary, that they compel the sentencing court to impose the adjustment for use of a dangerous weapon, to which there is no similar exception expressed in the Guidelines. The only exception to the application of the adjustments in § 2A2.2 is that cumulative adjustments are not to exceed 9 levels, U.S.S.G. § 2A2.2(b); we refuse to create another

exception where none is stated. The Sentencing Commission plainly understands the concept of double counting, and expressly forbids it where it is not intended. *See Curtis,* 934 F.2d at 556; *United States v. Rocha,* 916 F.2d 219, 243 (5th Cir.1990); *United States v. Goolsby,* 908 F.2d 861, 863 (11th Cir.1990).

## C.

Our analysis here is consistent with the circuits' uniform rejection of the double counting argument in the context of the offense of escape. Several circuits have rejected the argument that the Guidelines' enhancement for crimes committed under a criminal justice sentence, U.S.S.G. § 4A1.1(d), unfairly duplicates an element of the base level for the crime of escape, U.S.S.G. § 2P1.1(a). *See Goolsby,* 908 F.2d at 863–64; *United States v. Lewis,* 900 F.2d 877, 881 (6th Cir.1990); *United States v. Jimenez,* 897 F.2d 286, 287–88 (7th Cir. 1990); *United States v. Bigelow,* 897 F.2d 160, 161 (5th Cir.1989); *United States v. Wright,* 891 F.2d 209, 211 (9th Cir.1989); *United States v. Goldbaum,* 879 F.2d 811, 813–14 (10th Cir.1989); *United States v. Ofchinick,* 877 F.2d 251, 255–56 (3d Cir. 1989). The objection advanced in those cases was similar to the one we reject here: that the base offense of escape necessarily contemplates that the defendant was serving a criminal justice sentence, so that the Guidelines' enhancement amounts to double counting which the Sentencing Commission could not have intended. In rejecting this argument, the circuits have demanded strict adherence to the language of the Guidelines, and have noted that the Guidelines provide express exceptions where double counting is forbidden. *See Goolsby,* 908 F.2d at 863; *Lewis,* 900 F.2d at 881. Further, courts have noted that it is possible to commit the crime of escape without being under a criminal justice sentence: the base offense level applies to a defendant who aids and abets the crime of escape, *see Goldbaum,* 879 F.2d at 814, and to a defendant who escapes while being held in pretrial custody. *See Wright,* 891 F.2d at 211. The enhancements reflect the Commission's decision to reserve more severe punishment for those defendants who escape while under a criminal justice sentence. *See id.*

## III.

▮▮▮▮ Finally, we do not believe the adjustment scheme established by § 2A2.2 has any constitutional infirmities that would prevent its application. While Williams argues that adding four points for the use of a dangerous weapon effectively punishes him twice for the same thing, we do not think that the Guideline raises any double jeopardy concerns. The double jeopardy clause "protects against multiple punishments for the same offense," *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969), but the base offense level and the adjustment prescribed by § 2A2.2 are simply two components of a sentence for a single offense under the Guidelines. Moreover, as the escape cases recognize, the double jeopardy clause does not deprive the Sentencing Commission of its power to impose multiple punishments in a single trial. *See Bigelow,* 897 F.2d at 161; *Wright,* 891 F.2d at 212. "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983). Our conclusion that the Sentencing Commission intended the dangerous weapon adjustment thus disposes of any double jeopardy argument. We also note that the escape cases have rejected the argument that the sentencing practice at issue here violates due process. *See Jimenez,* 897 F.2d at 288; *Ofchinick,* 877 F.2d at 256.

## IV.

It is undisputed that Williams used a dangerous weapon in committing the assault. The sentence of the district court is therefore vacated, and the case is remanded for resentencing with directions to apply

the upward adjustment for use of a dangerous weapon in U.S.S.G. § 2A2.2(b)(2).

VACATED AND REMANDED.