23 F.3d 403
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Reginald Anthony HUNTER, Defendant-Appellant.
 No. 93-5586.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 21, 1994.
Decided: May 10, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-93-59-P, CR-93-60-P, CR-93-61-P, CR-93-62-P)
 B. Grant Smithson, Charlotte, NC, for appellant.
 Jerry W. Miller, U.S. Atty., Robert J. Conrad, Jr., Asst. U.S. Atty., Charlotte, NC, for appellee.
 W.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, MICHAEL, Circuit Judge, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Reginald Anthony Hunter entered guilty pleas to four counts of bank robbery, 18 U.S.C.A. Sec. 2113(a) (West Supp.1994). He appeals his sentence of ninety-two months, contending that the district court's application of guideline section 4A1.1(e)* in his case violated due process and the prohibition against double jeopardy. We affirm.
 
 
 2
 Hunter was paroled from a five-year state sentence on December 15, 1992. He committed four bank robberies in February and March 1993. After his guilty pleas and the preparation of the presentence report, Hunter objected to the assignment of one criminal history point under guideline section 4A1.1(e) for an offense committed within two years of his release from imprisonment. He agreed that the probation officer had correctly applied the guidelines, but alleged that he was being subjected to double punishment because he was also assigned two criminal history points under section 4A1.1(d) for an offense committed while on parole. In addition, he argued that parolees were unfairly impacted by the operation of subsections (d) and (e) because a parolee who commits a crime while on parole will more likely than not commit it within two years of release. The district court found that points were properly awarded under both subsections.
 
 
 3
 Hunter renews his arguments on appeal. However, we find no merit in his contentions. It is clear that the Sentencing Commission intended for subsections (d) and (e) both to be applied where the facts warrant both enhancements. The background commentary notes that the subsections measure the recency of the offense in different ways and may overlap; when they do, subsection (e) provides for a one-point enhancement rather than a two-point enhancement. U.S.S.G. Sec. 4A1.1, comment. (backg'd). We have previously held that the double jeopardy clause is not implicated by cumulative punishments for a single conviction as long as the punishment does not exceed that intended by the legislature. United States v. Williams, 954 F.2d 204, 208 (4th Cir.1992), citing Missouri v. Hunter, 459 U.S. 359, 366 (1983). Moreover, parolees are not singled out for harsher treatment than other defendants; subsection (e) applies to any defendant who commits a crime within two years of release.
 
 
 4
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1992)