56 F.3d 62
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Robert SHIFLETT, Defendant-Appellant.
 No. 94-5640.
 United States Court of Appeals, Fourth Circuit.
 Argued March 10, 1995.
Decided May 25, 1995.
 
 ARGUED: Dorwin John Wolfe, Elkins, WV, for Appellant. Sherry L. Muncy, Assistant United States Attorney, Elkins, WV, for Appellee. ON BRIEF: William D. Wilmoth, United States Attorney, Elkins, WV, for Appellee.
 Before ERVIN, Chief Judge, RUSSELL, Circuit Judge, and WILLIAMS, United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Defendant-Appellant Donald Robert Shiflett appeals his sentence resulting from his guilty plea for armed robbery in violation of 18 U.S.C. Sec. 2113(a) and (d), and Sec. 2. Shiflett argues that the district court committed reversible error in departing upward from the Sentencing Guideline range for his base offense level and criminal history category. We affirm the sentence assessed by the district court.
 
 I.
 
 2
 Donald Shiflett, along with two other individuals, committed an armed robbery of the Citizens National Bank in Beverly, West Virginia, on February 4, 1994. Pursuant to a plea agreement, Shiflett pled guilty on March 18, 1994, to armed robbery in violation of 18 U.S.C. Sec. 2113(a) and (d), and Sec. 2.
 
 
 3
 In the presentence report, the probation officer calculated Shiflett's base offense level to be 25, which included a three-level reduction for acceptance of responsibility under U.S.S.G. Sec. 3E1.1. The officer also determined Shiflett's criminal history category to be III. The officer identified no basis for an upward departure from the corresponding Guideline range in Shiflett's base offense level or criminal history category. The officer's recommendation thus corresponded to a sentence range of 70 to 87 months with a supervised release period of three to five years.
 
 
 4
 The district court conducted a sentencing hearing on June 23, 1994. At the hearing, the court notified Shiflett that it intended to depart upward in Shiflett's sentencing and outlined its reasons for the departure. The court then rescheduled the hearing and gave the parties an opportunity to brief the issues the court raised. After the parties presented their arguments at the second sentencing hearing on August 18, 1994, the court departed upward and calculated Shiflett's base offense level to be 27 with a criminal history category of VI. The district court's upward departure nearly doubled Shiflett's sentence range, resulting in a range of 130 to 162 months with a supervised release period of three to five years. The court sentenced Shiflett to 162 months imprisonment and five years supervised release. Shiflett appeals the district court's upward departure.
 
 II.
 
 5
 Shiflett first argues that the district court committed reversible error in unreasonably departing upward two levels in determining his base offense level. The district court highlighted three reasons for departing upward in Shiflett's offense level: (1) Shiflett placed the victims who were present in the bank at the time of the robbery in an unlocked bank vault; (2) a twelve-year old girl was one of these victims; and (3) two of these victims suffered physical injuries resulting from the commission of the crime.[1]
 
 
 6
 The court's three rationales each corresponded to a specific Guideline provision establishing an upward adjustment,[2] apart from the general provision for upward departures in U.S.S.G. Sec. 5K2.0. The district court, however, did not believe that each of the circumstances was strong enough individually to warrant an upward adjustment based on the specific provision. Instead, the court considered all three factors in imposing a two-level upward departure: "Now, based on these cumulative factors, the Court believes that a two level upward departure in the offense level is not unreasonable and is quite justified." Joint Appendix (J.A.) 30.
 
 III.
 
 7
 We turn first to analyze the district court's decision to base its upward departure on the fact that Shiflett placed the victims in a bank vault, which he did not lock. In its determination, the court recognized that U.S.S.G. Sec. 2B3.1(b)(4) provides a two-level enhancement if any person was physically restrained to facilitate the commission of the robbery or to facilitate an escape. The court then stated, "While the technical definition of 'physically restrained' includes being locked up, the Court believes that the situation in the instant offense is not adequately covered by the Guidelines." J.A. 27. The court, however, reasoned that the restraint in this case supported an upward departure. The court stated, "For all practical purposes, these individuals were physically restrained and an upward departure in the offense level is justified under Guideline 5K2.0." Id.
 
 
 8
 Section 5K2.0 provides that the sentencing court may impose an upward departure if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines that should result in a sentence different from that described." U.S.S.G. Sec. 5K2.0 (quoting 18 U.S.C. Sec. 3553(b)). Thus, in determining whether to depart, a sentencing court must first determine whether a particular aggravating circumstance was not adequately considered by the Sentencing Commission in devising the Guidelines. United States v. Summers, 893 F.2d 63, 66 (4th Cir.1990). If the court identifies the factual basis for such a circumstance, it may depart from the Guidelines if it further determines that the circumstance is of sufficient importance and magnitude that a departure from the Guideline range "should result." Id. When the sentencing court chooses to depart from the Sentencing Guidelines, this Court reviews the court's departure under the four-part "reasonableness" test as set forth in United States v. Hummer, 916 F.2d 186, 192 (4th Cir.1990), cert. denied, 499 U.S. 970 (1991). This Court recently summarized the Hummer test as follows:
 
 
 9
 Under this test, we first make a de novo determination of whether the specific reasons cited by the district court are adequately taken into consideration by the Guidelines. Second, we review the factual support in the record for the identified circumstances under a clearly erroneous standard. Third, we apply an abuse of discretion standard to determine if, on balance, the cited departure factors are of sufficient importance in the case that a sentence outside the Guidelines range "should result." Last, we utilize an abuse of discretion standard to resolve whether the extent of departure is reasonable.
 
 
 10
 United States v. Gary, 18 F.3d 1123, 1127 (4th Cir.) (quoting United States v. Palinkas, 938 F.2d 456, 461 (4th Cir.1991)), cert. denied, 115 S.Ct. 134 (1994).
 
 
 11
 Applying these principles to the district court's reasoning, we first determine whether the presence of the physical restraint during the robbery in this case was adequately considered by the Guidelines. Unlike the district court, we find that the Guidelines adequately considered the physical restraint in this case, and we conclude that the restraint alone was sufficient in and of itself to warrant a specific offense enhancement of two levels under U.S.S.G. Sec. 2B3.1(b)(4)(B). Section 2B3.1(b)(4)(B) provides that "if any person was physically restrained to facilitate commission of the offense or to facilitate escape, increase by 2 levels." The background notes add that "[t]he guideline provides an enhancement for robberies where a victim was forced to accompany the defendant to another location, or was physically restrained by being tied, bound or locked up." U.S.S.G. Sec. 2B3.1, comment. (backg'd). Physical restraint is further defined in the application notes to Sec. 1B1.1 as "the forcible restraint of the victim such as being tied, bound, or locked up." U.S.S.G. Sec. 1B1.1, comment. (n. 1(i)).
 
 
 12
 The Guidelines thus provide definitional standards to aid in the assessment of whether an adjustment is justified. This Court has previously held that the inclusion of the words "such as" in the notes to Sec. 1B1.1 implies that "being tied, bound, or locked up" are listed by way of example rather than limitation. United States v. Stokley, 881 F.2d 114, 116 (4th Cir.1989). In Stokley, this Court reasoned that the Sentencing Commission intended to convey the ordinary meaning attached to the language. The Court noted that the word "restrain" is defined as "1. To control: check. 2. To take away freedom or liberty of. 3. To restrict or limit," and that the word "forcible" is defined as "1. Achieved by the use of force." Id. (quoting Webster's Second New Riverside University Dictionary (1984)).
 
 
 13
 In the probation officer's independent determination of facts in the presentence report in this case, the officer found:
 
 
 14
 There is no indication that the defendant verbally threatened the bank employees during the robbery. However, it is noted that the defendant did have a large caliber revolver and the bank employees quickly met any demands made by the defendant. Also as indicated in the government's version, the bank employees and a twelve-year old girl were placed in the bank vault. Agent Rafferty advises that the vault door was closed, however, due to the time lock mechanism of the vault door, it did not lock. Agent Rafferty is of the opinion that the robbers had every intention of locking these individuals inside the vault.
 
 
 15
 J.A. 50. From this assessment, the probation officer did not recommend an enhancement under Sec. 2B3.1(b)(4)(B).
 
 
 16
 Given the common conceptions of "restrain" and "forcible" and the factual evidence the district court considered in this case, the court properly could have found that a two-level enhancement was independently warranted under Sec. 2B3.1(b)(4)(B).[3] The court reasoned that "[f]or all practical purposes, these individuals were physically restrained," and this conclusion supports an enhancement under Sec. 2B3.1(b)(4)(B). Although the restraint was not as severe as if the victims had been tied up or locked in the vault, the victims undoubtedly were "restricted" or "controlled" by the defendant's brandishing of the firearm to force the victims into the vault to facilitate the commission of the robbery. Shiflett argues that the victims were not restrained because no evidence demonstrates that he used physical force to cause the victims to remain in the vault. The defendant's use of the firearm, however, did effectively force the victims to remain in the vault even though the vault was not locked. Presumably in the victims' minds, they risked being shot if they tried to escape. Cf. United States v. Doubet, 969 F.2d 341, 345-48 (7th Cir.1992) (holding that ordering bank tellers into an unlocked bathroom while brandishing a firearm and issuing a verbal threat constituted physical restraint under Sec. 2B3.1(b)(4)(B)).
 
 
 17
 Shiflett further contends that the fact that he possessed a gun is already accounted for in the five-level enhancement for possession of a firearm under U.S.S.G. Sec. 2B3.1(b)(2)(C), which the district court adopted from the recommendation in the presentence report. Contrary to Shiflett's arguments, however, the enhancement under Sec. 2B3.1(b)(2)(C) merely accounts for his brandishing, displaying, or possessing the firearm; his using the firearm to physically restrain the victims in the bank vault is a separate act that a court may consider in providing an enhancement under Sec. 2B3.1(b)(4)(B). Cf. United States v. Williams, 954 F.2d 204, 206-07 (4th Cir.1992) (holding that upward adjustment for "use" of a dangerous weapon during an aggravated assault was not impermissible double counting because the elements of the offense require only that the assault "involve" a dangerous weapon).
 
 
 18
 Moreover, even if the physical restraint enhancement arises from the same conduct supporting the firearm enhancement, this Court has held that the same conduct may support enhancements from different Guidelines as long as no Guideline prohibits the double counting. See id. at 207-08; United States v. Curtis, 934 F.2d 553, 556 (4th Cir.1991). In this case, U.S.S.G. Sec. 2B3.1 implicitly authorizes double counting by limiting the "combined adjustments" for weapon involvement and injury to 11 levels, Sec. 2B3.1, comment. (n. 4), and by stating that the Guidelines provide for a "range of enhancements" when weapon involvement, physical injury, and unlawful restraint are present, Sec. 2B3.1, comment. (backg'd). Therefore, supporting the physical restraint enhancement by the fact that Shiflett displayed a firearm is not impermissible double counting under the Guidelines.
 
 
 19
 The circumstances of the case thus demonstrate that the physical restraint alone warranted a two-level enhancement under U.S.S.G. Sec. 2B3.1(b)(4)(B). Given the sufficiency of the district court's first rationale in supporting a two-level increase in Shiflett's offense level, we need not discuss whether the court's second and third rationales properly support the court's two-level upward departure. We thus affirm on different grounds the district court's decision imposing a two-level increase in Shiflett's base offense level.
 
 IV.
 
 20
 Shiflett next argues that the district court committed reversible error in unreasonably departing upward three levels in his criminal history category. The probation officer assessed Shiflett six criminal history points and recommended a criminal history category of III, which corresponds to four to six criminal history points. The district court expressly recognized U.S.S.G. Sec. 4A1.3 as the authority under which the court increased Shiflett's criminal history category from III to VI. Section 4A1.3 provides:
 
 
 21
 If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.
 
 
 22
 U.S.S.G. Sec. 4A1.3.
 
 
 23
 In departing upward, the district court concluded that Shiflett had previously received "extremely lenient sentences for serious offenses." J.A. 30. The court explicitly relied on the fact that Shiflett had received probation for nighttime burglary, a suspended sentence for attempted breaking and entering,[4] and probation for battery. The court also recognized that it could not use the sentence for Shiflett's 1983 nighttime burglary conviction in computing his criminal history category because the offense was more than ten years old and was thus outside the applicable time period. See U.S.S.G. Sec. 4A1.2(e). Additionally, the court relied on the fact that Shiflett had continually violated his probationary terms for his previous offenses. From these considerations, the district court stated:
 
 
 24
 The Court in this situation that we are faced with today finds that the defendant's criminal history is significantly more serious than that of most defendants in the same criminal history category.
 
 
 25
 The defendant's criminal record strongly suggests a substantial risk of recidivism and also reflects an individual who has demonstrated violent tendencies and who has received lenient sentences on two battery convictions. The defendant has been in the criminal justice system his entire adult life. He has shown consistent disrespect for the law and has been unfaithful to past probationary terms of imprisonment.
 
 
 26
 J.A. 31.
 
 
 27
 In reviewing the district court's upward departure in Shiflett's criminal history category, we apply the same standard noted above applicable to reviewing the court's upward departure in Shiflett's base offense level. Thus, the district court should apply the two-prong test in United States v. Summers, 893 F.2d 63 (4th Cir.1990), to determine whether an upward departure is warranted; and we review the court's departure based on the four-prong reasonableness test set forth in United States v. Hummer, 916 F.2d 186, 192 (4th Cir.1990).
 
 
 28
 Shiflett makes several arguments to dispute the reasonableness of the district court's upward departure under U.S.S.G. Sec. 4A1.3.[5] Shiflett first contends that the district court improperly considered that he received lenient sentences for his battery convictions in 1989 and 1992 and his attempted breaking and entering conviction in 1990 in departing upward because these offenses were already included in the computation of his criminal history category. Shiflett argues that the court's consideration improperly results in enhancing his sentence twice for the same offense. The Sentencing Guidelines, however, expressly provide that a sentencing court may determine that the defendant's criminal history category significantly underrepresents the seriousness of his criminal history if he "had previously received an extremely lenient sentence for a serious offense." U.S.S.G. Sec. 4A1.3. In this case, Shiflett received one point for each of the battery and attempted breaking and entering convictions because he was not sentenced to any imprisonment as a result of the convictions.[6] In contrast, he could have received three points each had he been sentenced for each conviction to imprisonment exceeding one year and one month. See U.S.S.G. Sec. 4A1.1. This point differential would have altered Shiflett's criminal history category, and the district court thus did not improperly consider Shiflett's lenient sentences for his battery convictions and his attempted breaking and entering conviction in its upward departure decision.
 
 
 29
 Shiflett also contends that the district court improperly considered in its upward departure decision the uncharged offense under 18 U.S.C. Sec. 924(c)(1) of possession of a gun during the robbery. The district court accepted the binding provisions in the plea agreement in this case, which provided that Shiflett would not be charged with a violation of Sec. 924(c)(1). To support his argument that the district court should not have considered his Sec. 924(c)(1) violation in sentencing, Shiflett cites United States v. Faulkner, 952 F.2d 1066, 1069-71 (9th Cir.1991), in which the Ninth Circuit concluded that U.S.S.G. Secs. 5K2.0 and 6B1.2(a) bar a district court from departing upward on the basis of counts not charged pursuant to a plea agreement.
 
 
 30
 In this case, the court did not directly increase Shiflett's base offense level due to his violation of Sec. 924(c)(1). Instead, the court recognized that Shiflett used a firearm to commit the bank robbery and that he could have been charged under 18 U.S.C. Sec. 924(c)(1), which would have exposed him to a mandatory five-year sentence. The court then stated, "We don't have that to encounter, but it is a factor that needs to be considered by the Court as we deal with that which is now presented to the Court and before the Court for a decision." J.A. 32.
 
 
 31
 We need not determine whether the district court improperly considered Shiflett's Sec. 924(c)(1) violation because the court's several justifications for the departure demonstrate that the court would have imposed the same sentence had it not relied on the Sec. 924(c)(1) violation. See Williams v. United States, 112 S.Ct. 1112, 1120-21 (1992); United States v. Kochekian, 977 F.2d 905, 906 (4th Cir.1992) (per curiam). In this case, the district court did not rely heavily on Shiflett's Sec. 924(c)(1) violation and instead focused on his lenient sentences for prior convictions and his repeated probation violations, which demonstrated a high likelihood of recidivism. The court seemingly considered the Sec. 924(c)(1) violation in buttressing its conclusion that Shiflett's criminal record demonstrated "violent tendencies," but the firearm violation was not determinative because the court relied also on Shiflett's battery and burglary convictions, which involved crimes of violence.
 
 
 32
 From the conclusion that the district court would have imposed the same sentence, we must then analyze whether the sentence is "reasonable." See Williams, 112 S.Ct. at 1121; Kochekian, 977 F.2d at 906. We can affirm the sentence even if some of the reasons given by the district court are invalid, provided that the court's remaining reasons sufficiently justify the magnitude of the departure. See Williams, 112 S.Ct. at 1121. Given the court's consideration of Shiflett's entire criminal history, we conclude that the court's reference to the Sec. 924(c)(1) violation in the instant robbery does not in and of itself warrant a finding that the district court's upward departure was unreasonable. As the district court recognized, Shiflett has been involved in the criminal system continually since his first arrest in 1983, and he has received lenient sentences for his prior offenses. He has also been placed on probation repeatedly, and his continued violations of his probation demonstrate a high likelihood of recidivism.
 
 
 33
 Finally, Shiflett argues that the district court's upward departure was unreasonable because the court did not adequately consider the interceding categories in its decision to depart upward from category III to VI. This Court has held that in imposing an upward departure, the district court must generally refer first to the next higher category and progress to a still higher category "only upon a finding that the next higher category fails adequately to reflect the seriousness of the defendant's record." United States v. Rusher, 966 F.2d 868, 884 (4th Cir.), cert. denied, 113 S.Ct. 351 (1992); see also United States v. Cash, 983 F.2d 558, 561 (4th Cir.1992). This Court has further reasoned that the district court must provide "a short clear written statement or a reasoned statement from the bench" to support its decision to depart under U.S.S.G. Sec. 4A1.3. Rusher, 966 F.2d at 882 (quoting United States v. Perez, 871 F.2d 45, 47 (6th Cir.), cert. denied, 492 U.S. 910 (1989)). From the reasonableness test in Hummer, we review for abuse of discretion the extent of the district court's departure. Hummer, 916 F.2d at 192.
 
 
 34
 To support its decision to depart upward from category III to VI, the district court in this case stated:
 
 
 35
 Now, the Court has considered the interceding criminal history categories which are available and which [Shiflett's attorney] has very clearly and thoroughly pointed out to the Court and [the Court has] considered those factors and elements that are in the Guidelines and statutes ... but finds that the sentencing ranges derived from those categories in between 3 and 6 are, in the Court's judgment, totally insufficient in the present case. These are the nature of the instant offense as well as the defendant's criminal record and these establish, in the Court's judgment, that he is a danger to the public. An additional danger is expressed by the defendant's unfavorable adjustment to past terms of community supervision and state court probation, as such, the defendant's overall prognosis for rehabilitation certainly appears to be extremely poor; therefore, in the Court's judgment, he is likely to again engage in criminal conduct.
 
 
 36
 J.A. 32-33.
 
 
 37
 Although the district court did not provide distinct reasons for each category increase from III to VI, we find that the court sufficiently satisfied the standards in Rusher. The court expressly explained that it had considered the intervening categories, and the court provided a reasoned statement from the bench recounting its justifications for the extent of its departure from category III to VI. The court also considered Shiflett's objections and concluded that the extent of the upward departure was warranted for purposes of punishment, rehabilitation, deterrence, and protection of the public. We thus find that the district court did not abuse its discretion in departing upward three levels in Shiflett's criminal history category.
 
 V.
 
 38
 For the foregoing reasons, we affirm the sentence imposed by the district court.
 
 AFFIRMED
 
 
 [1]
 Specifically, one of the victims experienced emotional stress from the robbery that "may have contributed" to the recent exacerbation of her systemic lupus condition. Joint Appendix 28-29. Another victim experienced aggravated blood pressure and had to be put on a mild tranquilizer and medication to control her blood pressure
 
 
 [2]
 See U.S.S.G. Sec. 2B3.1(b)(4)(B) (providing a two-level specific offense enhancement if any person was physically restrained to facilitate the commission of a robbery or to facilitate an escape); U.S.S.G. Sec. 3A1.1 (providing a two-level upward adjustment based on the vulnerability of the victim); U.S.S.G. Sec. 2B3.1(b)(3)(A) (providing a two-level specific offense enhancement if a victim sustains "bodily injury" as a result of a robbery); U.S.S.G. Sec. 5K2.2 (providing that a court may depart upward if "significant physical injury" results from the commission of a crime)
 3 U.S.S.G. Sec. 3A1.3 also provides a two-level victim-related adjustment "if a victim was physically restrained in the course of the offense," but this adjustment should not be applied in this case because U.S.S.G. Sec. 2B3.1(b)(4)(B) incorporates physical restraint as a specific offense characteristic for robbery. See Stokley, 881 F.2d at 116.
 
 
 [4]
 Shiflett correctly notes that the district court referred to his conviction for attempted breaking and entering as actual "breaking and entering." This distinction, however, does not substantively affect the reasonableness of the district court's sentencing determination
 
 
 [5]
 Application Note 8 of U.S.S.G. Sec. 4A1.2 provides that if a court finds that a sentence imposed outside the time period is evidence of "similar, or serious dissimilar, criminal conduct," the court may consider the sentence in determining whether an upward departure is warranted. U.S.S.G. Sec. 4A1.2, comment. (n. 8). In addition to the arguments addressed in the text, Shiflett argues that the district court should not have considered his 1983 nighttime burglary charge because it was not evidence of similar conduct. We find that this argument does not warrant a determination that the district court's upward departure was unreasonable
 
 
 [6]
 Shiflett was sentenced to terms of imprisonment for the attempted breaking and entering conviction and the 1992 battery conviction, but these sentences were suspended