**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4473

STACY LEE MCCARTY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
Terrence W. Boyle, Chief District Judge.
(CR-96-70-BO)

Submitted: April 28, 1998

Decided: June 4, 1998

Before ERVIN, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, Gordon Widenhouse,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Elizabeth A. Martineau,
Assistant United States Attorney, Raleigh, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Stacy Lee McCarty appeals the 44-month sentence he received after he pled guilty to assaulting his infant son and causing serious bodily injury, see 18 U.S.C.A. § 113(a)(6) (West Supp. 1998). He contends that the district court's enhancement of his sentence for serious bodily injury under USSG § 2A2.2(b)(3) **1** was impermissible double counting and that the court further erred in finding that he engaged in more than minimal planning, see USSG§ 2A2.2(b)(1). We affirm.

The facts concerning McCarty's conduct were undisputed. On October 17, 1996, McCarty squeezed and shook his seven-week-old son to make him stop crying. After being shaken, the baby was quiet. On October 21 or 22, McCarty again shook his son, more forcefully than the first time, holding him partly by the genitals. On October 19 or 20, McCarty bit his son on the chin. On October 23, while sitting on a hard floor and wrapping his son in a blanket, McCarty shook his son forcefully and for a longer time than before, allowing the baby's head to strike the floor once or twice. During this time, McCarty was not working and his wife was on maternity leave from the Marine Corps. However, each assault occurred when Mrs. McCarty was not present. The day after the first shaking incident, the baby's left eye became noticeably red. McCarty and his wife took him to the base hospital emergency room but left after several hours without seeing a doctor. On October 25, the baby was examined at the base hospital and found to be suffering from multiple abrasions and bruises, six rib fractures, and intracranial bleeding.

Following the probation officer's recommendation, the district court applied USSG § 2A2.2 (Aggravated Assault) and made a four-level enhancement for serious bodily injury under subsection

_____

**1** **U.S. Sentencing Guidelines Manual** (1995).

2

(b)(3)(B). During the sentencing proceeding, McCarty made no objection to application of an enhancement for serious bodily injury. On appeal, he claims that the enhancement constituted impermissible "double counting" because the same facts supported the use of the aggravated assault guideline and the enhancement. He argues that the district court plainly erred in making the enhancement, citing United States v. Hudson, 972 F.2d 504, 506-07 (2d Cir. 1992).**2** However, in this circuit, "double counting" is permitted in applying the guidelines unless expressly prohibited. See United States v. Crawford, 18 F.3d 1173, 1179 (4th Cir. 1994) (citing United States v. Williams, 954 F.2d 204, 207-08 (4th Cir. 1992)). In Williams, this court specifically considered the enhancements provided in USSG § 2A2.2 for different degrees of bodily injury to the victim in holding that the courts "cannot . . . deprive the Sentencing Commission of its authority to assign incrementally higher sentences based on important factors such as the degree of the weapon's involvement and the degree of the victim's injury." Williams, 954 F.2d at 207. Consequently, we find that the district court did not plainly err in making the enhancement.

McCarty also maintains that the district court erred in finding that the offense involved more than minimal planning and making an additional two-level enhancement under subsection (b)(1). "More than minimal planning" is defined in USSG § 1B1.1, comment. (n.1(f)), as "more planning than is necessary for commission of the offense in a simple form," and "is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune." The probation officer recommended the enhancement because McCarty's offense involved repeated assaults of increasing violence, most of which were intended to stop the baby's crying. McCarty argued at sentencing that he reacted spontaneously to the crying each time without planning his conduct. However, the government pointed out that he controlled his temper when his wife was present. The district court found that one instance of shaking could be considered spontaneous, but that McCarty's recurrent behavior warranted the enhancement. Because McCarty admitted shaking his son three times, we cannot say that the court's determination was clearly erroneous. See United States v. Bridges, 50 F.3d 789,

_____

**2 See** Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 732 (1993).

3

792-93 (10th Cir. 1994) ("repeated acts" means more than two instances).

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4