UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                              No. 00-4484

ADRIAN LAMONT TATE,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-98-310-HNM)

Submitted: June 26, 2001

Decided: July 27, 2001

Before NIEMEYER and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

### COUNSEL

Timothy S. Mitchell, Greenbelt, Maryland, for Appellant. Stephen M. Schenning, United States Attorney, Hollis Raphael Weisman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Adrian Lamont Tate was convicted by a jury of assaulting a federal officer, in violation of 18 U.S.C.A. § 111(b) (West 2000). He was sentenced to a term of ninety-six months imprisonment and appeals his conviction and sentence. Tate filed an untimely appeal, but he was permitted to proceed with his appeal after the district court made a finding of excusable neglect. *United States v. Tate*, No. 98-0310 (D. Md. Oct. 17, 2000). Tate contends that the district court erred in admitting a tape recording of the communications between police officers pursuing his automobile and the police dispatcher during a twenty-two mile chase on the Baltimore Washington Parkway. He also contends that the court erred in various respects when imposing sentence. We affirm.

Tate was apprehended after the aforementioned chase on May 20, 1998. Tate attracted an officer's attention because he did not have a front license plate and the rear plate was an expired temporary plate for another vehicle. He did not comply when the officer attempted to effect a traffic stop, but instead increased his speed. The pursuing officer radioed the dispatcher to report on the situation and the chase was joined by four other officers. The conversation between the officers involved in the chase and the dispatcher was recorded. During the course of the chase, the officers, in marked police vehicles with emergency lights and sirens engaged, attempted to create a box around Tate's automobile to bring it to a halt. Tate thwarted this maneuver three times by steering his car toward the vehicle of Officer David Tolson, forcing Tolson's patrol car off the road each time. Tate was only apprehended after a crash disabled Tate's car.

At trial, three officers involved in the chase testified to the facts of the case and described the three occasions when Tate forced Officer Tolson off the road. The Government also played a tape recording of the communications between the officers involved in the chase and their dispatcher. The court admitted the tape after three officers testified they could identify their voices and the voices of fellow officers on the tape. The court also noted that the tape was not the result of

a police investigation, but was a contemporaneous recording of the events as they unfolded.

The standard of review for the admission of a tape recording is abuse of discretion. *See United States v. Capers*, 61 F.3d 1100, 1106 (4th Cir. 1995). This Court will not find error "unless the foundation for admission is clearly insufficient to insure the accuracy of the recording". *Id.* (citing *United States v. Clark*, 986 F.2d 65, 69 (4th Cir. 1993)). "The proponent of an audio recording must show that the recording was sufficiently authentic to be admitted into evidence." *United States v. Wilson*, 115 F.3d 1185 (4th Cir. 1997).

We find that testimony by three officers that the tape contained their voices and that it accurately reflected the incident was sufficient to establish the authenticity of the tape. We further find that the tape was admissible under the hearsay exception for excited utterances or present sense impressions. *See United States v. Jackson*, 124 F.3d 607, 617 (4th Cir. 1997). Accordingly, we affirm the district court's evidentiary ruling, and its judgment of conviction.

Tate also raises several challenges to his sentence. We initially find that, contrary to Tate's contention, the district court's denial of a two-level adjustment for acceptance of responsibility was not error. Tate denied using the car as a deadly weapon, absconded from pretrial supervision and failed to appear for his scheduled trial, all of which was inconsistent with acceptance of responsibility.

We further find that the district court, in light of Tate's conviction under 18 U.S.C. § 111(b), properly used U.S.S.G. § 2A2.2 to establish the base offense level. *See* U.S.S.G. App. A. Because U.S.S.G. § 2A2.2 is appropriate for any aggravated assault, the increase in the offense level to account for Tate's use of the car as a dangerous weapon and Tate's assault on an official victim was proper and did not, as Tate contends, constitute impermissible double counting. *United States v. Williams*, 954 F.2d 204, 205-08 (4th Cir. 1992); *United States v. Kleinebreil*, 966 F.2d 945, 955 (5th Cir. 1992).

Tate's final argument relates to the use of his juvenile criminal history to determine his criminal history points. Tate contends that he never was found "involved" in the juvenile offenses for which he was

awarded criminal history points, but this assertion is belied by the record, which reflects he was found involved on four occasions, three of which occurred within five years of the commencement of the present offense. U.S.S.G. § 4A1.4, comment. (n.7). Tate's total of six points based on his juvenile history results from three separate courses of criminal conduct, all of which were punished by confinement for nearly four years at three separate institutions. We find that the three offenses, although punished concurrently, were separate and not part of a single scheme or plan and therefore the district court did not err in awarding two points for each conviction. *See United States v. Breckenridge*, 93 F.3d 132, 137 (4th Cir. 1996).

Tate's conviction and sentence are accordingly affirmed. We deny the Government's motion to dismiss as untimely as moot in light of the district court's finding of excusable neglect. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*