UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

QUANTAE BUTLER, a/k/a Quantae Crosby,
            *Defendant-Appellant.*

No. 02-4328

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, Chief District Judge.
(CR-01-471-ALL)

Submitted: October 23, 2002

Decided: November 7, 2002

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Stanley H. Needleman, Baltimore, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Lisa M. Griffin, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Quantae Butler appeals his convictions and sentences for one count of being a felon in possession of a firearm and one count of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) (2000). On appeal, he asserts that the district court erred by "double counting" certain convictions for purposes of calculating his offense level and criminal history, by improperly including juvenile convictions in determining his criminal history category, and by failing to vacate one of his convictions as violative of the Double Jeopardy Clause.

### I.

In interpreting the sentencing guidelines, double counting is permitted unless specifically disallowed. *United States v. Williams*, 954 F.2d 204, 207 (4th Cir. 1992). Both sections 2K2.1(a)(2) and 4A1.1 of the *U.S. Sentencing Guidelines Manual* (2000) contemplate that prior felony convictions will be used to determine both a defendant's base offense level and his criminal history category. *See* USSG § 2K2.1, comment. (n.15). Thus, the district court properly followed the Guidelines' directives. *See United States v. Crawford*, 18 F.3d 1173, 1180-81 (4th Cir. 1994) (permitting "triple counting" under the Guidelines); *see also United States v. Alessandroni*, 982 F.2d 419, 422-23 (10th Cir. 1992); *United States v. Wyckoff*, 918 F.2d 925, 927 (11th Cir. 1990).

### II.

Butler next argues that two convictions, committed when he was under eighteen, should not have been used to compute his criminal history. While the Guidelines limit the use of certain juvenile convictions for calculating criminal history, the mere fact that a conviction

resulted from a crime committed before the defendant reached the age of eighteen will not automatically remove the conviction from consideration. *See United States v. Mason*, 284 F.3d 555, 558-59 (4th Cir. 2002). Because it is undisputed that the challenged convictions were adult convictions[1] and resulted in sentences over one year and one month, the convictions were properly included in the calculation of Butler's criminal history. *See* USSG § 4A1.2(d)(1).

### III.

Finally, Butler argues that he should not have been convicted on both counts or sentenced to separate prison terms for his firearm and ammunition convictions. The Government concedes error in this regard. Because simultaneous possession of a firearm and of ammunition is but one offense,[2] *United States v. Keen*, 96 F.3d 425, 433-34 (9th Cir. 1996), *as amended*, 104 F.3d 1111 (9th Cir. 1997); *United States v. Hall*, 77 F.3d 398, 402 (11th Cir. 1996), we remand the case for entry of judgment on only Count 1 or Count 2 and for sentencing and a special assessment as to only one of the two counts. We affirm the remaining conviction and sentence. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED*
*IN PART, AND REMANDED*

---

[1]"A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." USSG § 4B1.2, comment. (n.1). The Government claims that both disputed convictions were adult convictions. Butler does not address the issue. In addition, the PSR categorized those convictions as adult convictions, and Butler did not object.

[2]Butler possessed a loaded gun when apprehended by the police.