**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4624**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANIEL JERRIS DAWKINS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  N. Carlton Tilley, Jr.,
Chief District Judge.  (CR-03-302)

———————

Submitted:  November 23, 2005          Decided:  January 3, 2006

———————

Before LUTTIG, MOTZ, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro,
North Carolina, for Appellant.  Anna Mills Wagoner, United States
Attorney, Lisa Blue Boggs, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Daniel Jerris Dawkins pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C.A. §§ 922(g)(1), 924(a)(2) (West 2000 & Supp. 2005). He was sentenced to sixty-four months of imprisonment, to be followed by three years of supervised release.

On appeal, Dawkins's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and moved to withdraw as counsel. Counsel states that he has found no meritorious grounds for appeal, but asserts generally that Dawkins's sentence is unduly harsh. Dawkins raises four sentencing issues in his pro se supplemental brief.

Dawkins complains, first, that he was given three criminal history points for a charge that was later reduced to a misdemeanor. As he did not preserve this issue below, we review for plain error. See Fed. R. Crim. P. 52(b). Under the plain error standard, Dawkins must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). When these conditions are satisfied, we may exercise our discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted). The burden of showing plain error is on the defendant. United States v. Strickland, 245

- 2 -

F.3d 368, 379-80 (4th Cir. 2001). Here, as Dawkins makes only a conclusory assertion of the error with no documentation to support his claim, we hold that Dawkins does not sustain this burden.

Dawkins next complains of double counting in the computation of his sentence. Two points were added to his criminal history score because he was on probation at the time of the offense, and the underlying conviction was counted to increase his offense level. However, double counting is permissible under the federal sentencing guidelines except where it is expressly prohibited. United States v. Reevey, 364 F.3d 151, 158 (4th Cir. 2004); United States v. Wilson, 198 F.3d 467, 472 n.* (4th Cir. 1999). "An adjustment that clearly applies to the conduct of an offense must be imposed unless the [g]uidelines expressly exclude its applicability." United States v. Williams, 954 F.2d 204, 207 (4th Cir. 1992). The district court properly followed the guidelines' directives in this case, and this court will not disturb an otherwise proper application of the guidelines. See United States v. Crawford, 18 F.3d 1173, 1180-81 (4th Cir. 1994) (permitting "triple counting" under the guidelines).

Next, Dawkins asserts that he should not have received a sentence enhancement because the firearm he possessed was stolen. He contends that, under guideline Amendment 522, the USSG § 2K2.1(b)(4) enhancement should not be applied in certain circumstances even if the firearm is stolen. Dawkins is entitled

to no relief on this claim, which we review for plain error. By its terms, the portion of the Amendment that Dawkins refers to, the clarification to USSG § 2K1.2 comment. n.12, does not apply in this case because Dawkins was not convicted under the provisions cited in the commentary.

Finally, Dawkins's supplemental brief cites to <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), and <u>United States v. Hughes</u>, 401 F.3d 540 (4th Cir. 2005). We conclude that Dawkins is entitled to no relief under these decisions. There is no Sixth Amendment error in Dawkins's case, as he was sentenced after <u>Booker</u>, under the nonmandatory guideline scheme. After the Supreme Court's decision in <u>Booker</u>, sentencing courts are still required to calculate and consider the guideline range, and to consider as well the factors set forth in 18 U.S.C. § 3553(a) (2000). <u>Hughes</u>, 401 F.3d at 546. As stated in <u>Hughes</u>, we will affirm a post-<u>Booker</u> sentence if it is both reasonable and within the statutorily prescribed range. <u>Id.</u> at 546-47. Here, the district court looked to the guideline range, and noted that Dawkins knew "it was a violation for you to carry that gun. And you were out on the street." Therefore, the court imposed a sentence in the middle of the guideline range. Because the district court sentenced Dawkins within the guidelines and well within the statutory limit of ten years under 18 U.S.C.

§ 924(a)(2), we find that the sentence is reasonable and is not unduly harsh.

Pursuant to <u>Anders</u>, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Dawkins's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We deny counsel's pending motion to withdraw. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>