**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4221**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

IVO SVETOZAROV DAMYANOV,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Catherine C. Blake, District Judge.
(1:11-cr-00120-CCB-1)

_____

Submitted:  December 21, 2012        Decided:  January 7, 2013

_____

Before DUNCAN and THACKER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Jonathan A. Gladstone, LAW OFFICES OF JONATHAN GLADSTONE,
Annapolis, Maryland, for Appellant.  Rod J. Rosenstein, United
States Attorney, Kristi O'Malley, Assistant United States
Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ivo Svetozarov Damyanov pled guilty without a plea agreement to conspiracy to commit access device fraud, in violation of 18 U.S.C. §§ 371, 1029(a)(1), (b)(2) (2006) (count one), aiding and abetting access device fraud, in violation of 18 U.S.C. § 2 (2006) and 18 U.S.C. § 1029(a)(1), (e)(1)-(2) (count four), and aiding and abetting aggravated identity theft, in violation of 18 U.S.C. §§ 2, 1028A(a)(1), (c)(4) (2006) (count five). Damyanov appeals his sentence, challenging the district court's application of the two-level enhancement under U.S. Sentencing Guidelines Manual § 2B1.1(b)(11)(B)(i) (2011) for an offense involving the production or trafficking of an unauthorized access device or counterfeit access device. Damyanov contends that, because he was also sentenced for aggravated identity theft under 18 U.S.C. § 1028A, the district court's application of the two-level enhancement amounted to impermissible double counting.

In assessing a challenge to the district court's application of the Guidelines, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Alvarado Perez, 609 F.3d 609, 612 (4th Cir. 2010). When a Guidelines provision is applied based on consideration of factors that already have been accounted for by another provision of the Guidelines or by statute, this

2

amounts to double counting. <u>United States v. Reevey</u>, 364 F.3d 151, 158 (4th Cir. 2004). "The Sentencing Commission plainly understands the concept of double counting, and expressly forbids it where it is not intended." <u>United States v. Williams</u>, 954 F.2d 204, 208 (4th Cir. 1992).

Section 2B1.1(b)(11) of the Guidelines instructs a district court to increase a defendant's offense level by two levels if the offense involved:

> (A) the possession or use of any (i) device-making equipment, or (ii) authentication feature; (B) the production or trafficking of any (i) unauthorized access device or counterfeit access device, or (ii) authentication feature; or (C)(i) the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification, or (ii) the possession of [five] or more means of identification that unlawfully were produced from, or obtained by the use of, another means of identification.

To avoid impermissible double counting of relevant conduct, however, section 2B1.6 of the Guidelines—the Guideline section applicable to convictions for aggravated identity theft under § 1028A—limits the application of USSG § 2B1.1(b)(11). Specifically, the commentary instructs that, if a sentence under the Guideline is imposed "in conjunction with" a sentence for the underlying fraud offense, the specific offense characteristics for "the transfer, possession, or use of a means of identification" are inapplicable. USSG § 2B1.6 cmt. n.2. Under 18 U.S.C. § 1028A(a)(1), a two-year prison sentence

3

is required for the knowing "transfer[], possess[ion], or use[], without lawful authority" of a "means of identification of another person" during and in relation to certain underlying offenses. Although the exclusion language in Application Note 2 "tracks the language that triggers [§ 1028A]'s consecutive term of imprisonment, . . . [USSG] § 2B1.6 does not exclude all conduct described in" USSG § 2B1.1(b)(11). United States v. Jenkins-Watts, 574 F.3d 950, 962 (8th Cir. 2009).

Here, the district court imposed the two-level enhancement under USSG § 2B1.1(b)(11)(B)(i) based on Damyanov's production of unauthorized access devices—plastic cards encoded with the credit and debit card account information Damyanov and others skimmed from automated teller machines. The plain language of Application Note 2 is limited to offenses involving "the transfer, possession, or use of a means of identification." USSG § 2B1.6 cmt. n.2. Moreover, the other Courts of Appeal that have addressed the applicability of the two-level enhancement where the evidence showed that a defendant also sentenced under § 1028A produced the unauthorized or counterfeit access device have held that the enhancement was properly imposed. United States v. Perez, 432 F. App'x 930, 934-36 (11th Cir. 2011) (No. 10-10778); United States v. Wiley, 407 F. App'x 938, 942 (6th Cir. 2011) (Nos. 09-5789, 09-5855); Jenkins-Watts, 574 F.3d at 962; United States v. Jones,

4

551 F.3d 19, 25-26 (1st Cir. 2008). We therefore conclude that the district court did not err in applying the two-level enhancement under USSG § 2B1.1(b)(11)(i) in this case.

We also reject on review for plain error Damyanov's remaining challenges—premised on Application Note 4(A) to USSG § 1B1.1 and the rule of lenity—to the application of the two-level enhancement. Damyanov's reliance on Application Note 4(A) as a basis for error in this case is wholly unexplained. Further, because Application Note 2 is clear on its face, the rule of lenity is inapplicable. Cf. United States v. Cutler, 36 F.3d 406, 408 (4th Cir. 1994) (stating that the rule of lenity is applicable to the Sentencing Guidelines where there is present "a grievous ambiguity or uncertainty in the language and structure" of the Guideline (internal quotation marks omitted)).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5