Vacated by Supreme Court, March 21, 2005

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4254

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL SHANE SATTERFIELD, a/k/a Michael Shane
Gillispie,

Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  N. Carlton Tilley, Jr.,
Chief District Judge.  (CR-03-339; CR-03-246; CR-03-247)

Submitted:  October 1, 2004          Decided:  November 5, 2004

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Eric D. Placke,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.  Anna Mills Wagoner, United States Attorney, Michael
Francis Joseph, Assistant United States Attorney, Angela Hewlett
Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Michael Shane Satterfield pled guilty to three counts of bank robbery, 18 U.S.C. § 2113(a) (2000) (Counts 1-3), and was sentenced as a career offender, U.S. Sentencing Guidelines Manual § 4B1.1 (2003), to a term of 160 months imprisonment. Satterfield's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising as a potentially meritorious issue the district court's decision not to depart below the guideline range, but asserting that in his view there are no meritorious issues for appeal. Satterfield has filed a pro se supplemental brief raising additional issues. Counsel for Satterfield has also moved for leave to file a supplemental brief addressing the effects of Blakely v. Washington, 124 S. Ct. 2531 (2004). The motion is granted and the motion is deemed to provide the supplemental argument concerning Blakely. After consideration of this court's decision in United States v. Hammoud, ___ F.3d ___, 2004 WL 2005622 (4th Cir. Sept. 8, 2004) (en banc), we find any claim made in reliance on Blakely to be without merit. We affirm the conviction and sentence.

A sentencing court's decision not to depart is not reviewable on appeal unless the court's decision resulted from a mistaken belief that it lacked the legal authority to depart. United States v. Shaw, 313 F.3d 219, 222 (4th Cir. 2002); United States v. Carr, 271 F.3d 172, 176-77 (4th Cir. 2001). The record

discloses that the district court was aware of its authority to depart and exercised its discretion in deciding not to depart. Therefore, this claim is not properly before us.

In his pro se supplemental brief, Satterfield argues that the sentencing guidelines are unconstitutional under Blakely and that Blakely renders his career offender sentence/status erroneous. In light of our decision in Hammoud, we find no merit in either claim. Satterfield further contends that he did not qualify for career offender status under the sentencing guidelines. Because Satterfield did not object to his career offender status in the district court, the plain error standard of review applies. Under the plain error test, United States v. Olano, 507 U.S. 725, 732-37 (1993), a defendant must show that (1) error occurred; (2) the error was plain; and (3) the error affected his substantial rights. Id. at 732. Even when these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks omitted).

Satterfield first argues that his career offender sentence violated the Double Jeopardy Clause in two respects. First, he claims that the guideline calculation violated double jeopardy by assigning two offense levels under § 2B3.1(b)(1) for taking the property of a financial institution, and later assigning one additional offense level "for each bank." Presumably,

Satterfield is referring to the multiple-count adjustment under § 3D1.4. No error occurred in this respect because the same conduct may be counted under two or more guideline provisions unless such double counting is expressly prohibited. United States v. Wilson, 198 F.3d 467, 472 n.* (4th Cir. 1999). The Double Jeopardy Clause is not violated by guideline sentence enhancements. United States v. Williams, 954 F.2d 204, 208 (4th Cir. 1992). Satterfield asserts that a second double jeopardy violation occurred when his criminal history was used twice--first to place him in criminal history category VI, then to add offense levels because he was a career offender. This claim is also without merit.

Satterfield next claims that the district court erred when it counted his third-degree burglary conviction as a predicate conviction because he served only seven months of the one-to-seven year sentence. As discussed above, a predicate conviction must be a felony, but a felony, as defined in the guidelines, is any prior adult federal or state conviction punishable by imprisonment for a term exceeding one year, regardless of the actual sentence imposed or served. USSG §§ 4A1.2(b)(1), 4B1.2, comment. (n.1). Because Satterfield received a sentence of up to six years confinement, the conviction was correctly treated as a felony conviction.

Last, Satterfield asserts that he was prejudiced by his attorney's deficient performance. Claims of ineffective assistance

are not usually reviewed on direct appeal. To succeed on a claim of ineffective assistance on direct appeal, a defendant must show conclusively from the face of the record that counsel provided ineffective representation. United States v. James, 337 F.3d 387, 391 (4th Cir. 2003), cert. denied, 124 S. Ct. 1111 (2004). Here, the record does not conclusively demonstrate that counsel was ineffective.

Pursuant to Anders, this court has reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED