**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4254**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL SHANE SATTERFIELD, a/k/a Michael Shane
Gillispie,

Defendant - Appellant.

On Remand from the United States Supreme Court.
(S. Ct. No. 04-8542)

Submitted: October 31, 2005      Decided: February 28, 2006

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Eric D. Placke,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.  Anna Mills Wagoner, United States Attorney, Angela H.
Miller, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Michael Shane Satterfield pled guilty to three counts of bank robbery and was sentenced as a career offender to a term of 160 months imprisonment. U.S. Sentencing Guidelines Manual § 4B1.1 (2003). We affirmed his sentence and denied rehearing. United States v. Satterfield, No. 04-4254, 2004 WL 2491574 (4th Cir. November 5, 2004) (unpublished). The Supreme Court subsequently granted Satterfield's petition for certiorari, vacated this court's judgment, and remanded his case for further proceedings in light of United States v. Booker, 125 S. Ct. 738 (2005).

Satterfield was sentenced before the decisions in Booker and its predecessor, Blakely v. Washington, 542 U.S. 296 (2004), and he did not raise objections to his sentence based on the mandatory nature of the sentencing guidelines or the district court's application of sentencing enhancements based on judicial fact finding rather than facts he admitted. Therefore, we review his sentence for plain error. United States v. Hughes, 401 F.3d 540, 546-60 (4th Cir. 2005). Satterfield now contends that the district court plainly erred under Booker in applying the guidelines as mandatory. Our review of the record discloses that the district court gave no indication that it would impose a lower sentence under an advisory guideline system. Therefore, Satterfield cannot show actual prejudice, and resentencing is not

authorized on this ground.  <u>United States v. White</u>, 405 F.3d 208, 223-24 (4th Cir. 2005).

Accordingly, we affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>